USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/16/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

MICHAEL ORTIZ,

Defendant.

25-cr-345 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Defendant Michael Ortiz is charged in this case with two counts of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951; two counts of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2; two counts of using, carrying, and possessing a firearm during and in relation to a crime of violence, which was brandished and discharged, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), (iii), and 2; and one count of murder through the use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(j) and 2. Dkt. No. 6. Trial is scheduled for December 7, 2026. The Government proposes disclosure of its Section 3500 materials for law enforcement witnesses two weeks before trial; disclosure of its Section 3500 materials for civilian witnesses one week before trial, and disclosure of its witness list one week before trial. Dkt. No. 97 at 1. The defense asks that the Court order disclosure of 3500 material and the Government's witness list four weeks before trial, with 3500 material for civilian witnesses designated "Attorneys Eyes Only" until two weeks before the trial begins. *Id.* at 3. The Court adopts the Government's proposal with one modification.

The Court cannot order early disclosure of statements subject to production under the Jencks Act. *See, e.g.*, 18 U.S.C. § 3500(a); *United States v. Coppa*, 267 F.3d 132, 145 n.10 (2d Cir. 2001). To the extent that such materials are subject to disclosure under *Giglio v. United*

*States*, 405 U.S. 150 (1972), however, the Government's obligation is to turn them over with sufficient time to permit Defendant to make effective use of them at trial. The Court has discretion "to compel pretrial disclosure of the identity of government witnesses." *United States v. Cannone*, 528 F.2d 296, 300 (2d Cir. 1975). In deciding whether to require a witness list, courts consider whether the defendant has made "a specific showing that [it is] both material to the preparation of the defense and reasonable in light of the circumstances." *United States v. Bejasa*, 904 F.2d 137, 139–40 (2d Cir. 1990); *see United States v. Maxwell*, 534 F. Supp. 3d 299, 324 (S.D.N.Y. 2021) (Nathan, J.). Among the factors the Court must consider is whether the case "involves charges of violent crimes[] where the witnesses will include cooperating individuals and victims." *United States v. Robles*, 2005 WL 957338, at *1 (S.D.N.Y. Apr. 22, 2005) (Lynch, J.). In all cases, and not just in cases involving violent crimes where the defendant faces a lengthy sentence, the Court has an obligation to ensure that the trial is fair.

The defense has not shown why the timetable proposed by the Government would be unfair and prevent it from preparing for trial. As the Government emphasizes, the charges against Defendant arise from two discrete acts of violence that occurred approximately two months apart from one another. Dkt. No. 97 at 2. The Government emphasizes that there will be only approximately five witnesses in the civilian category. *Id.* at 1 n.1. The Government also represents that its anticipated Section 3500 material will "largely consist of interview reports, notes, and other court documents." *Id.* at 2. Such material provides the typical grist for cross-examination in a violent crimes case; there is no reason to believe that the defense would need over a week to prepare to use the material at trial. And to the extent that production of the 3500 material will reveal the identity of witnesses and avenues for defense investigation, the defense has not shown that it needs the 3500 material to conduct an investigation. While the defense

may not know the identity of all of the witnesses, they will have come from a limited universe from which the defense will be able to guess (at least as to some of them). The defense admits that it knows of others who were implicated in the crimes that Defendant is alleged to have committed; his co-defendants have pled. The defense also claims to know the names of two of the Government's lead cooperators. *Id.* at 4.

The Court makes one modification to the Government's proposal. Two weeks before December 7 is Monday, November 23. One week before December 7 is November 30. The Thanksgiving holiday intervenes. Defense counsel is entitled to time to meet with their client, and weekends occasionally provide that opportunity as well as the opportunity to study 3500 material in quiet and to prepare for trial. Accordingly, the Government is directed to produce its witness list on Friday, November 27, 2026. The Government also should produce 3500 and *Giglio* material for the civilian witnesses on that date and for law enforcement witnesses on November 20, 2026.

SO ORDERED.

Dated: October 16, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge