USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/25/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

UNITED STATES OF AMERICA,

-v-

MICHAEL ORTIZ,

Defendant.

---------------------------------------------------------------------X

25-cr-345 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

The final pretrial conference in this matter is scheduled for Tuesday, December 1, 2026. In advance of that conference, the Court attaches the voir dire it intends to use at trial. The parties should be prepared to discuss the attached at the conference.

SO ORDERED.

Dated: November 25, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

MICHAEL ORTIZ,

Defendant.

S1 25 Cr. 345 (LJL)

Examination of Prospective Jurors

## I. Introduction

Members of the panel, good morning and welcome to the United States District Court for the Southern District of New York. My name is Lewis Liman and I will be the presiding judge at this trial. My courtroom deputy is Matthew Fishman, who is sitting in front of me. With us in this room are attorneys for the Government and their staff, attorneys for the defense and their staff, the defendant, and other individuals assisting the Court in this proceeding.

Before we get started, I want to thank you for being here. Your presence reflects your serious commitment to your civic responsibilities. I recognize that some of you are inconvenienced by this service. Jury service, however, is one of the highest and most important duties of a citizen of the United States. As the Supreme Court has recognized, "Jury service preserves the democratic element of the law, as it guards the rights of the parties and ensures continued acceptance of the laws by all of the people. It affords ordinary citizens a valuable opportunity to participate in a process of government, an experience fostering, one hopes, a respect for law. Indeed, with the exception of voting, for most citizens the honor and privilege of jury duty is their most significant opportunity to participate in the democratic process." [*Powers*

*v. Ohio*, 499 U.S. 400, 407 (1991) (citations and internal quotations marks omitted).] Our system of justice depends on you.

In a few minutes, if you have an extraordinary personal hardship that prevents you from serving in this case, you will have an opportunity to bring that to my attention. I emphasize the word "extraordinary" because, as I said, I know that many of you have jobs or other places that you would rather be. Unfortunately, it would be too hard for us to seat any jury at all if that were enough to excuse you from service. The parties would not get a fair trial. The hardship must be extraordinary for you to be excused. So I appreciate your full cooperation.

Our purpose today is to make sure that we have a jury of citizens who will decide the issues in this case both fairly and impartially, and without any bias or prejudice in favor of, or against, either side. In order to do that, I am going to ask certain questions of you—questions about your personal background, your family, your beliefs and experiences, and things of that nature.

You should understand that my questioning is not intended to pry into your lives, but to make sure that we select fair and impartial jurors, who can listen to the evidence with an open mind, and decide the issues in this case based only on the sworn testimony given in this courtroom, on whatever exhibits may be received in evidence, and on my instructions as to the law. If at any time you feel uncomfortable for any reason in answering a question in front of other jurors, just tell me that you would like to discuss the matter at the bench at sidebar, and I will discuss it with you outside the presence of the other jurors.

From your answers to my questions, I will be able to determine whether you should be excused "for cause"—that means, for a good reason. Your answers will also allow the parties to

make informed use of their peremptory challenges. Peremptory challenges give each party the right to excuse a certain number of jurors without giving any reason for doing so.

My questions to you, and your answers to them, are not evidence in this case, and you should not regard them as having any bearing in this case. That said, it is very important that you not say in open court anything about the parties in this case or about any other matter that might affect the open-mindedness and fairness of the other jurors. If there are any matters that you feel should be disclosed to me that might influence the other jurors, or any matters of a sensitive nature, you should ask to approach the bench to discuss them. If you are excused, do not consider that a reflection on you personally. This is all part of our system of justice, which is intended to provide all parties with a fair and impartial jury. You will have done your duty by your presence here today and your readiness to serve if chosen.

## II. Trial Schedule

Let me now tell you a little more about our schedule. I expect to complete jury selection promptly today. Trial will then begin. We will sit every weekday until trial is over. The parties have advised me that they expect this trial to be over by the end of next week. I share that expectation. Obviously, of course, it is possible that the trial could last a little longer, although that is unlikely.

From Monday to Thursday, the jury will sit between 9:30 a.m. and 5:00 p.m. On Friday, December 11, the jury will sit only until 2:00 p.m. We try to make the experience as pleasant as possible. Each day, a light breakfast is available before trial in the jury room at 8:30 a.m for jurors who want it. If you are selected to serve, I will encourage you to arrive early—or at least on time—so as not to delay the other jurors and participants in the trial. We will take a lunch break at approximately 1:00 p.m. from Monday to Thursday. There will be no lunch break on

Friday given the early end to the day. We will also take a short mid-morning comfort break each day, and will take a midday comfort break at which refreshments will be served. I make every effort to move trials along promptly and to make efficient use of your time. As I said earlier, following the trial, you would be excused from your jury service. Those of you who are not chosen to sit on this case will be eligible to be chosen to serve on the jury in a different case.

**III. Functions of the Judge and Jury**

Finally, before I ask you specific questions, let me explain a few basic rules of law that must guide all of us during this trial. The function of the jury is to decide questions of fact. You who are chosen as jurors will be the only judges of the facts, and nothing the Court or the parties say or do may in any way intrude on your role as the exclusive fact-finders, based only on the evidence presented during the trial. When it comes to the law, as distinguished from the facts, however, you must take your instructions from the Court—that is, from me—and you are bound by those instructions. You may not substitute your own ideas of what the law is or what you think it should be.

Let me add that, during the course of the trial, you will receive all the evidence you may properly consider to decide the case. Because of this, unless and until you are excused as a juror, you should not attempt to gather any information on your own relating to the case. Do not engage in any outside reading on this case; do not attempt to visit any places mentioned in the case; do not use the Internet (including artificial intelligence platforms, Google, Facebook, "X", Threads, or any other social media site or website) to learn anything about the case or anyone involved in the case. Do not do research of any nature or talk to anyone about the facts of the case or anyone involved in it. The reason for these rules, as I am sure you understand, is that

your decision in this case must be made solely on the evidence presented at the trial, or the lack of evidence.

**IV. Oath**

I will now begin asking you questions. I request, however, that all of you first stand up so that the Clerk can give you the oath that you will respond truthfully and completely to my questions. [Clerk administers the oath to the entire panel.]

**V. Introduction to Questions/Bench Conferences**

Under your oath you are required to give fair and truthful answers to the questions that I will ask. However, it is very important that you not say anything in open court about the parties in this case or about any matter that might tend to impair the open-mindedness and fairness of the other members of the panel. If there are matters that you believe you should disclose but that might tend to influence the other jurors, you should tell me that you would like to discuss the matters at the bench at sidebar. Also, if any questions call for personal information that you would rather not mention in front of everyone in court, simply tell me that you would like to discuss them at the bench. Please do not discuss anything about the facts of this case or the allegations of this case with your fellow jurors.

I have no personal knowledge of the facts of this case, and nothing that I say constitutes evidence. However, so that you will understand the reasons for certain questions that will be put to you, and to help you to help us determine whether you should serve as a juror in this case, I will give you some brief background about this case.

## VI. Summary of the Case

This is a criminal case. The defendant has been charged with violating certain provisions of the criminal laws of the United States. The charges against the defendant are contained in an Indictment that was voted by a grand jury.

The Indictment is not evidence itself; instead, it is merely a document that contains certain charges that the Government is required to prove beyond a reasonable doubt. The defendant has pleaded not guilty to those charges and he is presumed to be innocent. That presumption of innocence is with him now, and remains with him throughout the trial. The presumption of innocence is removed only if, at the conclusion of the case, after you have heard all the evidence and arguments and my instructions on the law, and you have retired to deliberate, you decide the Government has proven the defendant's guilt beyond a reasonable doubt. You must keep in mind always that the defendant is presumed innocent, that he has entered a plea of not guilty to the charges against him, and that the Government must prove beyond a reasonable doubt the charges in the Indictment.

The defendant in this case is Michael Ortiz. I will summarize the charges in this case in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury.

The Indictment charges the defendant with seven counts or charges, which relate to two separate robberies. Counts One through Four relate to the robbery and fatal shooting of Jeffrey German on or about September 1, 2020. Count One charges the defendant with robbery conspiracy. More specifically, Count One charges that on or about September 1, 2020, the defendant and at least one other person agreed to rob a marijuana dealer at gunpoint in the vicinity of 1908 Prospect Avenue in the Bronx, New York.

Count Two charges that on or about September 1, 2020, the defendant committed an armed robbery of a marijuana dealer in the vicinity of 1908 Prospect Avenue in the Bronx, New York.

Count Three charges that on or about September 1, 2020, during the armed robbery in Count Two, the defendant shot and killed Jeffrey German, or aided and abetted the same, in the vicinity of 1908 Prospect Avenue in the Bronx, New York.

Count Four charges that on or about September 1, 2020, during the armed robbery in Count Two, the defendant used, carried, or possessed a firearm, which was brandished and discharged.

The second group of charges, Counts Five through Seven, stem from a robbery and shooting on or about November 3, 2020. Specifically, Count Five charges that on or about November 3, 2020, the defendant and at least one other person agreed to rob a marijuana dealer at gunpoint in the vicinity of 805 Fairmount Place in the Bronx, New York.

Count Six charges that on or about November 3, 2020, the defendant committed an armed robbery of a marijuana dealer in the vicinity of 805 Fairmount Place in the Bronx, New York.

Count Seven charges that on or about November 3, 2020, during the armed robbery in Count Six, the defendant used, carried, or possessed a firearm, which was brandished and discharged.

## VII. Filling the Box

We will be selecting 14 jurors for this case. To do that, we need to qualify 34 prospective jurors; I will start by questioning the people in seat numbers 1–[X], but I am confident that I will be questioning others beyond these individuals. Please listen carefully as I explain how we are going to proceed.

To begin, I am going to ask Juror Number One, [Mr./Ms. ______], each of the questions on the form, except for the questions on the last page under the heading "Questions for Individual Prospective Jurors," which we will get to later. Even though I will be speaking directly to Juror Number One at that time, all of you sitting in this courtroom should be paying close attention and following along on your questionnaire. If your answer to any question I ask to Juror Number One is "yes," please use your pen to circle the number of that question. Do not write your name or make any other marks on the questionnaire; the only marks you should make are circles around the questions for which the answer is "yes."

When I finish going through the questions with Juror Number One, I will ask Juror Number Two, [Mr./Ms. _____], if they had any "yes" answers to any of the questions. After doing so with Juror Number Two, I will do the same for Juror Number Three and so on down the line. After Juror Number One, however, I will not re-read the questions aloud. That is why it is very important that you listen carefully the first time and that, as I read each question to Juror Number One, you circle the number of the question if your answer is "yes." To those individuals who are not among the first 34 people selected, you should also listen carefully to my questions and follow along, and also circle the number of any question to which you have a yes answer, because some of you may be called upon to take the place of a prospective juror who has been excused for cause. If you do end up taking a seat, I will ask you to quickly tell me if you have any affirmative, or yes, answers to the questions I have asked.

After each juror tells me whether they have any "yes" answers to these questions, I will ask that juror to tell me what those answers are. If there are matters that you believe you should disclose but that might tend to influence the other jurors, I will have you approach the bench to

discuss them. Also, if any questions call for personal information that you would rather not mention in front of everyone in court, simply tell me that you would like to approach the bench.

Once I have resolved all the challenges for cause, I will ask each prospective juror the background questions at the end of the questionnaire; and the parties will then exercise their peremptory challenges. 14 of the 34 will be left, and they will be our jurors.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL ORTIZ,<br><br>Defendant. | S1 25 Cr. 345 (LJL)<br><br>Examination of Prospective Jurors |

LEWIS J. LIMAN, United States District Judge:

**Knowledge of Events**

1. Do you believe you have personal knowledge of the charges contained in the Indictment as I have described it?

2. Have you read or heard anything about this case, in the newspaper, on the radio, on the Internet, on television, in podcasts, or from others?

3. Do you feel, for any reason, that you could not view fairly and impartially a case involving charges such as I have described?

**General Questions**

4. Do you have any difficulty in understanding or reading or speaking English?

5. Do you have a problem with your hearing or vision that would prevent you from giving attention to all of the evidence at this trial?

6. Do you have any other medical problems that might interfere with your service as a juror in this case?

**Knowledge of the Trial Participants**

7. The defendant in this case is Michael Ortiz. [*Please ask the defendant to rise when identified.*] Do you know, or have you had any dealings, directly or indirectly, with the

defendant, or with any relative, friend, or associate of the defendant? To your knowledge, do any of your relatives, friends, or associates know the defendant?

8. The defendant is represented by Deborah Colson, of Moskowitz Colson Ginsberg & Schulman, Diane Ferrone, of the Law Offices of Diane Ferrone PLLC, and Francis O'Reilly, of the Law Office of Francis L. O'Reilly, LLC. [*Please ask defense counsel to stand.*] Do you know or have you had any dealings with the defendant's attorneys or with any members of their firms?

9. The United States is represented in this case, as in all cases, by the United States Attorney for this District. The United States Attorney is James M. McDonald. Appearing on his behalf in this case will be Assistant United States Attorneys Michael Herman, Jorja Knauer, and Patrick Moroney. They will be assisted by Detective Matthew Lombardo of the New York City Police Department and Special Agent Rosanna Corrado of Homeland Security Investigations, and by Eddi Aronson and Nina James, paralegal specialists in the U.S. Attorney's Office. Do any of you know Mr. Herman, Ms. Knauer, Mr. Moroney, Ms. Aronson, Ms. James, Detective Lombardo, or Special Agent Corrado?

**Other Persons and Entities**

10. Do you know any of the following people or are you familiar with the following places that you may hear from or about over the course of the trial? Please listen carefully to the list.

*[List of names to be supplied]*

Do you know any of those people or are you familiar with any of those places?

11. During this trial, you will also see me and members of the Court's staff, including Matt Fishman, the courtroom deputy, and my law clerks Raquel Leslie, Andrew Gelfand, and Tanveer Singh. Do you know any of us?

12. Do you know anyone else in this courtroom, including other prospective jurors?

**Relationship with Court and Government**

13. Do you know me or anyone associated with the Court?

14. Do you know, or have any association—professional, business, or social, direct or indirect—with any member of the staff of the United States Attorney's Office for the Southern District of New York, the New York City Police Department, or Homeland Security Investigations?

15. Are you or any family member or close friend employed by any other federal department or agency, any law enforcement agency, or prosecutor's office, whether federal, state, or local?

16. Are you or any family member or close friend employed as a law clerk, court personnel, probation officer, or person connected with any court, correctional institution, or jail?

17. Have you, either through any experience or through anything you have seen or read, developed any bias, prejudice, or other feelings for or against the United States Attorney's Office, the New York City Police Department, or Homeland Security Investigations?

18. Have you, either through any experience or through anything you have seen or read, developed any bias, prejudice, or other feelings for or against law enforcement more generally?

19. Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States? Have you had any legal, financial, or other interest in any such legal action or dispute, or its outcome?

20. Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the New York City Police Department?

**Experience as a Witness, Defendant, or Crime Victim**

21. Have you ever been a witness or a complainant in any federal or state prosecution?

22. Are you, or is any member of your family, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

23. Have you, any member of your family, any associate, or close friend, ever been arrested or charged with a crime, or ever been the subject of any investigation or accusation by any federal or state grand jury, or by any Congressional committee?

24. Have you, or any of your close friends or relatives, ever been a victim of a crime or pressed charged against someone, or tried to press criminal charges against someone? Is there anything about that experience that could affect your ability to be fair and impartial in this case?

25. Have you, or any of your relatives or close friends, ever been the victim of gun violence? Is there anything about that experience that could affect your ability to be fair and impartial in this case?

26. Have you, or any of your relatives or close friends, had any experience with law enforcement that you think may affect your ability to render a fair verdict?

**Case-Specific Questions**

27. During this trial, you will hear evidence regarding an alleged robbery and shooting on September 1, 2020, in the vicinity of 1908 Prospect Avenue in the Bronx that

resulted in the death of Jeffrey German. Do you believe you have seen or read anything about this robbery and shooting?

28. During this trial, you will hear evidence regarding an alleged robbery and shooting on November 3, 2020, in the vicinity of 805 Fairmount Avenue in the Bronx. Do you believe you have seen or read anything about this robbery and shooting?

29. Have you ever lived, worked, or spent time near or around the following locations in the Bronx: Elsmere Place, 1908 Prospect Avenue, or 805 Fairmount Avenue? Is there anything about that experience that would affect your ability to be fair and impartial and to decide this case solely upon the evidence presented in this courtroom?

30. The charges in this case involve the illegal use of firearms. Do you have any views about firearms or the laws making it illegal under certain circumstances to use or possess a firearm that would make you unable to render a fair and impartial verdict on such charges?

31. During this trial, you will hear evidence regarding the sale of marijuana. The defendant is not charged with the possession or sale of marijuana. I also instruct you that your views regarding whether the possession or sale of marijuana should be illegal are to play no role in this case. Do you have any views regarding marijuana or marijuana sales that would affect your ability to render a fair and impartial verdict?

**Witnesses**

32. The Government witnesses in this case may include agents and analysts from the U.S. Attorney's Office for the Southern District of New York and other law enforcement agencies. I instruct you that a law enforcement witness's testimony is not to be given any more

or less weight than testimony of any other witness. Would you have any difficulty following that instruction?

33. Some of the evidence admitted at trial may come from searches performed by law enforcement officers. I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case. Do you have strong feelings about searches conducted by law enforcement officers or the use of evidence obtained from searches that would affect your ability to be fair and impartial in this case? Would you have a bias for or against the Government because the Government conducted such a search, or used evidence obtained from such a search?

34. You may hear testimony in this case from one or more cooperating witnesses, that is, a witness who at one time was involved in illegal activity, but who has now pled guilty to crimes and is testifying on behalf of the Government in the hope of receiving a lower sentence. I instruct you that the use of such cooperating witnesses is perfectly legal. You are not required to believe or disbelieve such a witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unreliable based on your common sense and experience. Do you have any experience with or views about the use of cooperating witnesses generally, or the use of evidence or information obtained from cooperating witnesses, that would make it difficult for you to render a fair and impartial verdict if you heard testimony from a cooperating witness? Would you have any bias for or against the Government because of evidence obtained in this manner?

35. You may hear testimony in this case by expert witnesses. The use of expert testimony is proper in the context of this case. Have you had any experiences with experts or do

you have any general feelings about the use of experts that would make it difficult for you to render a wholly fair and impartial verdict?

36. You may hear evidence in this trial of criminal activity committed by people other than the defendant. Those other individuals are not on trial here. I instruct you that you may not draw any inference, favorable or unfavorable, towards the Government or the defendant from that fact, and you also may not speculate as to the reason why other persons are not on trial. Would you have any difficulty following my instruction in this regard?

**Evidence**

37. I instruct you that the Government is not required to use any particular technologies or techniques when investigating and presenting evidence of a crime. Would you be unable to follow this instruction?

**Function of the Court and Jury**

38. The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive factfinder. When it comes to the law, however, you are to take your instructions from the Court—that is, from me—and you are bound by those instructions. You may not substitute your own notions of what the law is, or what you think it should be. In other words, when I give you instructions about the law at the close of this trial, you are required to accept the law as stated and apply it to determine whether the defendant is guilty as charged in the Indictment. Would you be unwilling or unable to apply the law as stated by the Court?

39. Under the law, a defendant is presumed to be innocent. That presumption of innocence is with him now, and remains with him throughout the trial. The defendant cannot be found guilty of the crime charged in a particular count of the Indictment unless the jury, after

deliberating and after having heard all the evidence in the case, unanimously decides that the evidence proves the defendant's guilt beyond a reasonable doubt with respect to that particular count. Would you have any difficulty accepting and applying this rule of law?

40. You must weigh the testimony of every witness, no matter which side calls the witness, and judge whether that witness is truthful based upon your own common sense plus any instructions I give you regarding credibility. Would you have any difficulty accepting and applying this rule of law?

41. I instruct you that no person accused of a crime has any obligation to present witnesses or evidence of any kind. Would you have any difficulty following that instruction?

42. In a criminal case the burden of proof remains with the prosecution. It never shifts to the defendant. For the jury to return a verdict of guilty as to any charge, the prosecution must prove beyond a reasonable doubt each and every element of the charge you are considering. A person charged with a crime has absolutely no burden to prove that he is not guilty. Would you have any difficulty accepting and applying this rule of law?

43. A defendant in a criminal case has an absolute right not to testify and if the defendant chooses not to testify, you may not hold that fact against him or draw a negative inference from his choice not to testify. Would you have any difficulty accepting and applying this rule of law?

44. The question of punishment is for the Court alone to decide, and the possible punishment must not enter into your deliberations as to whether the defendant is guilty or innocent. Would you have any difficulty accepting and applying this rule of law?

45. Sympathy or empathy must not enter into the deliberations of the jurors as to guilt or innocence of the defendant, and only the evidence produced here in Court may be used by you

to determine the guilt or innocence of the defendant. Would you have any difficulty accepting and applying this rule of law?

46. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Do you feel that even if the evidence established the defendant's guilt beyond a reasonable doubt, you might be unable or unwilling to render a guilty verdict for reasons unrelated to the law and the evidence?

47. Do you feel that if the evidence failed to establish the defendant's guilt beyond a reasonable doubt, you might still be unable or unwilling to render a verdict of not guilty?

48. Do you have any religious, philosophical, or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

49. I instruct you that you should absolutely avoid reading about this case or any participants in the case in the newspapers or on the Internet or through artificial intelligence platforms or social media or listening to any radio or television reports or podcasts concerning the case until after it is over, and that you should avoid talking to anyone about the case until it is over. Would you have any difficulty following that instruction?

**Other Biases**

50. I instruct you that it would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, ethnicity, sex, or age. Would you have any difficulty following that instruction?

51. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Do you have any extraordinary personal hardship that would prevent you from serving on this jury?

52. Apart from any prior question, do you have the slightest doubt in your mind, for any reason whatsoever, that you will be able to serve on a jury in this case, to do so conscientiously, fairly and impartially, and to render a true and just verdict without fear, favor, sympathy, bias, or prejudice—and according to the law as it will be explained to you?

**Questions for Individual Prospective Jurors**

53. I am now going to ask each of you a few questions designed to give the parties a better idea of you as a person. These questions are not designed to embarrass you or make you feel uncomfortable. They are simply meant to give the parties a little more information about you.

54. Please provide the following background information:

a. How old are you?

b. In what counties have you lived in the past five years?

c. What is the highest level of schooling you have completed?

d. Who else lives in your home with you, if anyone?

e. Do you have any children? If so, what are their ages and what do they do?

f. What is your current employment status?

g. If employed, how have you been employed in the past five years? If retired or unemployed, what was your most recent occupation?

h. What is your spouse's or partner's profession, business, or occupation?

i. What are your hobbies and special interests?

j. What newspapers, magazines, or websites do you read?

k. What television programs, streaming, radio, or podcasts do you watch or listen to?

l. What clubs or associations do you belong to and what do you do with your free time?

m. Have you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency?

n. Have you ever at any time served as a member of a grand jury, whether in the federal, state, or county courts?

o. Have you ever served as a juror in either the state or federal courts?

    i. If so, when and in what court did you serve? What type of case – criminal or civil?

    ii. Without revealing the verdict, did the jury reach a verdict?

## VIII. Wrap Up

From time to time during the trial it may become necessary for me to talk with the lawyers and Mr. Ortiz out of the hearing of the jury by calling a recess. Please understand that while you are waiting, we are working. The purpose of any conference outside your viewing is not to keep relevant information from you, but to decide certain procedural issues or how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant the request of Mr. Ortiz or an attorney for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Right now, we will go outside this room and discuss the challenges to your service that the parties may have. We should return within twenty minutes. Feel free to get up and stretch and relax. But please do not talk about this case. As I will tell the jurors who sit in this case, it is very important to keep an open mind and not to talk about this case until you have heard all of the evidence, I have instructed you on the law, and you return to the jury room to begin your deliberations.

*[Discuss and resolve for-cause challenges at sidebar.]*

*[Replace struck jurors. Ask replacement jurors if they have any affirmative answers to the questionnaire. Resolve any additional for-cause challenges.]*

*[Undertake six rounds of peremptory challenges. In the first four rounds, the Defendants may make 2 challenges in each round, the Government one. In the final two rounds, the Defendants may make one challenge and the Government may make one. In addition, both parties will get two additional challenges each to exercise for the alternate pool of jurors.]*

*[Leaves a jury of 12 with two alternates]*

*[To the attorneys:*

Does either side have any objection to the procedures used to choose the jury in this case?]

*[Return to open court]*

Ladies and gentlemen, if you are not seated on the jury panel, I thank you for your service. Please return your questionnaire and retrieve your jury card from Mr. Fishman. You can then return to the jury assembly room.

## IX. Second Oath

Mr. Fishman will now swear in the jury.

*[After the oath, the Court will give the following preliminary instructions to the jury.]*

## X. Preliminary Instructions to the Jury

Members of the jury, now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

### A. Impartiality

To begin with, you are here to administer justice in this case according to the law and the evidence. You are to perform this task with complete fairness and impartiality, and without bias, prejudice, or sympathy for or against any of the parties.

### B. Finding the Facts

This is a criminal case in which defendant Michael Ortiz faces seven counts in a grand jury indictment tied to two armed robberies of marijuana dealers in the Bronx, New York. Counts One through Four concern a September 1, 2020 robbery near 1908 Prospect Avenue, charging Mr. Ortiz with conspiracy to rob, armed robbery, the fatal shooting of Jeffrey German (directly or by aiding and abetting), and using, carrying, or possessing a firearm that was

brandished and discharged. Counts Five through Seven concern a November 3, 2020 robbery and shooting near 805 Fairmount Place, charging Mr. Ortiz with conspiracy to rob, armed robbery, and using, carrying, or possessing a firearm that was brandished and discharged.

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply those facts to the law as the Court will give it to you. You must follow that law whether you agree with it or not. Nothing the Court may say or do during the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other things received into the record as exhibits, as well as any facts that the parties agree to or stipulate to or that the Court may instruct you to find. Certain things are not evidence and must not be considered by you. I will list them for you now:

First, statements, arguments, and questions by lawyers are not evidence. Nor are my own statements to you evidence. Only the answers given by the witnesses and the documents admitted as exhibits are evidence.

Second, objections to questions are not evidence. The lawyers have an obligation to their clients to make an objection when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the Court’s ruling on an objection. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Third, testimony that the Court has excluded or told you to disregard is not evidence and must not be considered.

Finally, anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

When you are determining the facts, keep in mind that there are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as the testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. The word "infer"—or the expression "to draw an inference"—means to find that a fact exists from proof of another fact. An inference is to be drawn only if it is logical and reasonable to do so, and not by speculation or guesswork.

In deciding whether to draw an inference, you must look at and consider all the facts in the light of reason, common sense, and experience. Whether a given inference is or is not to be drawn is entirely a matter for you, the jury, to decide. Circumstantial evidence does not necessarily prove less than direct evidence, nor does it necessarily prove more.

Here is an example to help you think about the difference between direct and circumstantial evidence. Assume that when you came into the Courthouse this morning the sun was shining and it was a nice day outdoors. Also assume that the courtroom blinds were drawn and you could not look outside. Assume further that, as you were sitting here, someone walked in with an umbrella that was dripping wet and then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, and because no witness has testified that it is raining, you would have no direct evidence of the fact that it was raining. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence. You infer on the basis of reason, experience, and common sense from one established fact the existence or the nonexistence of some other fact. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

**C. Credibility of Witnesses**

One of your most important tasks as jurors is to evaluate the credibility of the witnesses who will testify before you—that is, how truthful and believable they are. Listen carefully as each witness testifies during both direct and cross examination and consider whether the witness is telling the truth. It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.

Now, how do you decide what to believe and what not to believe? You are to listen to the witnesses, observe their testimony, and then decide as you would decide such questions in your own life. Did they know what they were talking about? Were they candid, honest, open, and truthful? Did they have a reason to falsify, exaggerate, or distort their testimony? Sometimes it is not what a witness says, but how he or she says it, that may give you a clue as to whether or not to accept that witness's version of an incident or an event as credible or believable.

In short, the way a witness testifies may play an important part in your reaching a judgment as to whether or not you can accept the witness's testimony as reliable.

**D. Conduct as Jurors**

Now, a few words about your conduct as jurors.

First, during the trial, you are not to discuss the case with anyone, nor are you to permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to

deliberate, you simply are not to talk about this case with anyone—including your spouse or partner, family, or close friends. Do not even discuss the case with each other, your fellow jurors, until you begin your actual deliberations at the end of the trial. This includes posting anything on the Internet about the case, whether it be on personal blogs, Facebook, Twitter (or "X"), Instagram, LinkedIn, YouTube, TikTok, or any other form of social media. I know that many of you use cellphones, smart phones, social media, the Internet, and other tools of technology. I emphasize that you must not use these tools to communicate electronically with anyone about the case in any way. This includes your family and friends.

Second, please do not, while you are serving as jurors in this trial, have any conversations with the parties, the attorneys, or any witnesses in this case, whether in the courtroom, in the hallways, in the elevators, outside, or anywhere else. By this, I mean not only to avoid talking about the case; do not talk at all, even to say "good morning" or to acknowledge any of these people. Someone seeing a juror in conversation with a party, lawyer, or witness might think that something improper was being discussed. To avoid even the appearance of impropriety, then, avoid any such contact or conversations. So I can tell you that, when the parties, lawyers, or witnesses pass you in the halls without even acknowledging your presence, they do not mean to be rude—they are simply following my instruction.

Third, do not read or listen to anything outside the courtroom that relates to this case in any way. Similarly, you are not to allow anyone to speak to you about this case. If you are approached by anyone to speak about it, politely but firmly tell them that the judge has directed you not to do so. If any person seeks to contact you about this case, you are required to report the incident promptly to me by sending me a note through my courtroom deputy, Mr. Fishman.

Also, be sure that I am informed if any person that you know comes into this courtroom. This is a public trial so this could happen. But it is important that you do not hear from them what may have happened in the court while the jury was not present. If you should see a friend or relative come into court, please send me a note through Mr. Fishman at your first opportunity.

Fourth, do not try to do any research or make any investigation about the case, the participants in the case, the locations in this case, or the issues presented by this case. For example, do not go onto the Internet or an artificial intelligence platform tonight and research any matters relating to this case, or any of the parties or lawyers in this case. Do not call up your lawyer friends to ask about the type of matters at issue in this case.

Finally, do not form any opinion until all the evidence is in. A case can be presented only step by step, witness by witness, until all the evidence is before you. After the evidence is presented in the case, the parties will make closing statements and then I will give you your instructions on the law. It is only at that point that you will retire to deliberate. Keep an open mind until you start your deliberations at the end of the case.

**E. Notes**

You are permitted to take notes during the trial. Mr. Fishman has given each of you a notepad and pen. Please write your name on the cover of the pad. If you do take notes, please do so only in these pads.

Remember that any notes you take are for your use only, and they are only to be used as an aid for your memory. Your memory controls. If you do take notes, be careful not to get so involved in taking notes that you are not listening to the evidence. Once you are in your deliberations, if there is a disagreement between one juror’s notes and another juror’s notes, or between one juror’s notes and another juror’s recollection, you can ask to have the court reporter

read back the testimony, or to have that portion of the transcript sent to you, for it is the official court transcript that controls, not any particular juror's notes.

During the course of the trial, exhibits will be received into evidence. They will be marked by exhibit number. If there is an exhibit that you are particularly interested in seeing during your deliberations, write down the exhibit number. At the end of trial, as you begin your deliberations, we will provide each of you with a list of all witnesses who testified during the trial, as well as a copy of all exhibits that have been received in evidence.

**F. Course of the Trial**

We will now begin the trial. Let me tell you about the trial day. We will begin each day at 9:30 a.m. Please be on time. To help ensure that we start on time, please be in the jury room by 9:00 a.m. at the latest so that we begin without delay. I will add that a light breakfast will be available in the jury room each morning at 8:30 am. You're not required to take us up on our hospitality, but in my experience, many jurors do. The key thing is that nobody be late. If any of you are late, we will have to wait, for we cannot start unless all of you are here, and all of us—myself, the lawyers, the parties, the witnesses, and your fellow jurors—will have to wait. And if we lose 10 or 20 minutes every day, we may not be able to get the trial completed on time. As to the rest of the trial day, we will take a lunch break around 1:00 p.m. Monday–Thursday and brief mid-morning and mid-afternoon comfort breaks with refreshments provided for you during the mid-afternoon break.

Now, let me tell you how the trial will proceed. First, we will have opening statements. An attorney for the Government will make an opening statement. Then an attorney for the Defendant will do so. The opening statements are neither evidence nor argument; they are

simply outlines of what the attorneys believe the evidence will show, and they are given to help you follow the evidence as it is presented.

After the opening statements, the Government will present its case. The Government will call its witnesses, and after each witness testifies, counsel for Mr. Ortiz will have an opportunity to examine the witness.

Following the Government's case, the Government will rest. The Defendant will then present his defense to the Government's case. The Defendant will have a right to call his own witnesses to testify, and the Government will have the opportunity to cross-examine them.

After the evidence is completed and all sides have rested, the parties will give their summations. This is the opportunity for the parties to summarize the evidence and to give their closing arguments.

Following the summations, I will give you instructions on the law. You will then, finally, retire to deliberate on your verdict.

You have a tremendously important task as jurors. It is to determine the facts. You, and not the court, are the sole judge of the facts. The Constitution itself recognizes your unique role in our system of justice. So please, pay careful attention to the witnesses and evidence received at trial, as well as my instructions on the law.

We will now begin with counsel's opening statements.